IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID DEON TIGER,                                                                           PLAINTIFF
ADC #146435

v.                                         4:17CV00508-JLH-JTK

ARAMARK, et al.                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before

1

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

**I.   Introduction**

Plaintiff David Tiger is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement while incarcerated at the Pulaski County Detention Facility (Jail) from June, 2017, until August, 2017. Defendants Aramark and the Jail were dismissed on September 14, 2017 (Doc. No. 13).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 79-81) filed by remaining Defendants Audra Avery, James Gainous, and Sandra Moore. Plaintiff filed a Motion for Summary Judgment (Doc. No. 82), which this Court construes as his Response to Defendants' Motion.

**II.   Amended Complaint (Doc. No. 5)**

Plaintiff alleged that Defendants failed to provide nutritionally-adequate meals by

instructing inmate workers to use smaller serving spoons and water down food from June 1, 2017, through August 3, 2017. (Doc. No. 5, p. 4) Plaintiff and other inmates filed numerous grievances complaining about the food, but no corrections were made. (Id.) On July 30, 2017, Plaintiff notified Sgt. Waters of the shortage, who stated that Defendant Moore refused to replace the tray and instructed Plaintiff to eat it or forfeit the meal. (Id.) Due to the nutritionally-inadequate meals, Plaintiff suffered extreme weight loss, body cramps, muscle pains, increased blood pressure, insomnia, constipation, dizziness headaches, joint pain, stress, mental anguish, depression, a weakened immune system, cold and illness, and vision impairment. (Id.) Defendants Moore, Avery, and Gainous were directly responsible for the harm as a result of their directives. (Id.)

### III. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine

3

dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. No State Action

Defendants first ask the Court to dismiss Plaintiff's complaint against them because they are employed by a private company, Aramark, and are not considered state actors within the meaning of 42 U.S.C. § 1983. Although Plaintiff did not respond to this argument, the Court finds that the argument fails. To state a claim for relief under § 1983, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 UJ.S. 42, 48 (1988). However, a contracted food service provider, such as Aramark, can be held liable as a state actor, because "the food service provider has assumed the state's constitutional obligation to provide a nutritionally adequate diet to inmates." Mozden v. Helder, No. 5:13-CV-05160, 2014 WL 2986711 *2 (W.D.Ark.). Similarly, in this case, Defendants, as employees of Aramark, were responsible for providing food service to the Jail inmates and performed a "function or power 'traditionally exclusively reserved to the State.'" Id. (quoting Jones v. Helder, 2011 WL 1193733 (W.D.Ark.)) Therefore, the Court finds that Defendants' state action argument fails in this situation.

### B. Respondeat Superior/No constitutional violation

Defendants next ask the Court to dismiss Plaintiff's allegations against them based on his failure to show that they were personally involved in the alleged misconduct, or that their alleged actions violated his constitutional rights. Cynthia Irizarry, a certified dietitian for Aramark during the time frame of Plaintiff's allegations, stated she was responsible for setting the menu for all meals served at the Jail and ensuring that the meals met guidelines set by the American

Correctional Association and complied with Dietary Reference intakes as established by the Food and Nutrition Board of the Institute of Medicine, National Academy of Sciences. (Doc. No. 79-1, pp. 1-2)   The meals served to inmates at the Jail averaged approximately 74 grams of protein and 3,000 calories per day, and specific utensils were used to ensure that a full serving of each food item was easily and precisely measured. (Id.) According to the procedures in place, the trustees serving the food were not required to rely on judgment or discretion. (Id.)   Ms. Irizarry also noted that according to the Plaintiff's records, at the time he arrived at the Jail on May 31, 2017, he weighed 204 pounds, and on September 28, 2017, he weighed 208 pounds. (Id., p. 3) Based on his height of 5'7", Plaintiff's body mass index measured 32, which is categorized as obese. (Id.) In addition, lab results from samples taken from Plaintiff on September 21, 2017, at the Randall Williams Correctional Facility, were normal in all respects. (Id.)

Defendants also present the Affidavit of James Gainous, the Food Service Director for Aramark at the Jail, who managed the kitchen and inmate meals. (Doc. No. 79-7) Gainous stated that during the time at issue, the meals served at the Jail were prepared in accordance with Aramark's official guidelines and prepared by a certified dietitian. (Id., p. 2) In addition, Aramark delivers the meals required by the contract, but the Jail selects which meals are provided to which inmates. (Id.) finally, Gainous stated that on the days cited in Plaintiff's grievances, July 9, 2017, and July 30, 2017, none of the three Defendants were working at the Jail. (Id.)

Defendants also present the three grievances filed by Plaintiff concerning the food portion issue, two on July 9, 2017, and one on July 30, 2017. (Doc. No. 79-3)   According to Gainous's responses to the grievance officer, on July 11, 2017, and August 2, 2017, meals were prepared following a set menu by registered dieticians, and any improperly-portioned trays brought to the

attention of the kitchen and Aramark staff would be replaced if notification was given with supporting evidence. (Doc. Nos. 79-3, p. 8; 79-5, p. 3) In addition, in response to the grievances, the Aramark upper management staff investigated the complaints and would discipline any individuals involved in violating menu standards. (Id.) A Jail official, Officer Briggs, also sent a memo to the grievance officer on September 14, 2017, stating that in response to the grievances about the food service, a 30-day investigation was ordered and completed, and the Jail could not verify any discrepancies in food service after observing preparation and serving portions. (Doc. No. 79-3, p. 3)   However, the Jail did implement additional checkpoints to continue monitoring the food service. (Id.)

Finally, according to Plaintiff's deposition testimony, Defendants state that Plaintiff admitted that he never spoke with any of the three named Defendants, and based his information on statements from guards and other inmates. (Doc. No. 79-9, p. 17) Defendants also note that Plaintiff's medical records show that his weight was not affected, and discount the fact that at one point during that period a nurse provided him with prenatal vitamins. Defendants also note that Plaintiff testified that prior to his incarceration he drank a pint of alcohol a day and ate all the time. (Doc. No. 79-9, p. 19)

In response, Plaintiff states that the Jail investigation of the food service issues occurred after the dates at issue in his complaint, and that despite the fact that he only filed grievances on two dates, the problems occurred throughout the time period of June 1, 2017, until August 3, 2017. (Doc. No. 82, pp. 1-2) Plaintiff also states that Defendants are avoiding responsibility by claiming they were not present on the two dates he filed his complaints. (Id., p. 2) He also states that in their discovery responses, Defendants admitted that on some occasions an error may result in a smaller

portion being served and that isolated incidents have occurred of incorrect measuring scoops being utilized. (Id., p. 3)

Plaintiff was incarcerated at the Jail on a parole revocation, and in his deposition, he was unsure on what date he was sentenced. (Doc. No. 79-9, p. 16). In the Eighth Circuit, the same legal standard applies to conditions of confinement claims brought by pretrial detainees and convicted prisoners.  See Washington v. Byrd, No. 4:11CV0008JTR, 2012 WL 925148 *12 (E.D.Ark.), citing Davis v. Oregon County, Missouri, 607 F.3d 543, 548-9 (8th Cir. 2010).   While the due process standard of the Fourteenth Amendment applies to determine the constitutionality of pretrial detainees' conditions of confinement (Bell v. Wolfish, 441 U.S. 520, 535 (1979)), in the Eighth Circuit, the standards applied to such claims are the same as those applied to Eighth Amendment claims.  Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).  "The Constitution does not mandate comfortable prisons," and humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. at 832. In addition, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."  Wilson v. Seiter, 501 U.S. at 305.  While inmates are guaranteed a reasonably adequate diet, Campbell v. Cauthron, 623 F.2d 503, 508 (8th Cir. 1980), they have no right to be served a particular type of food, and the Eighth Amendment is violated only if the food is inadequate to maintain good health. Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996); Burgin v. Nix, 899 F.2d 733, 734-5 (8th Cir. 1990).   Finally, supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions.  See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).  A supervisor incurs liability

only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.   Choate v. Lockhart, 7 F.3d at1376.

In this case, the Court does not discount the fact that Plaintiff may not have received adequate portions of food on several occasions during the two-month time period of his Complaint. However, Plaintiff has provided no evidence that any of the three Defendants personally participated in, were directly responsible for those incidents, or knew of the problem and deliberately disregarded it.   In his deposition testimony, he stated, "because of their [defendants'] directives, whether they were there or not, I do believe they are liable." (Doc. No. 79-9, p. 37) Furthermore, he provides no evidence that the lack of food caused him harm.   Although he stated in his complaint and his deposition that he was given prenatal vitamins in August, 2017, and attributed the need for such to the lack of protein he was receiving, he also admitted that prior to his incarceration he drank heavily, used drugs, and was treated for hypertension, liver disease, hepatitis C, and diabetes. (Doc. No. 79-9, pp. 47-51)   The statements from other inmates that Plaintiff filed in the case record as evidence never mentioned any of the Defendants by name, and Plaintiff provided no proof that he was denied, on a continuous basis, the dietary requirements of 3,000 calories per day. (Doc. No. 2, pp. 10-16; Doc. 76) Defendants also provided evidence that Plaintiff's complaints were not disregarded, but investigated, and that Plaintiff actually gained weight between June 1, 2017, and September, 2017. (Doc. No. 79-1, p. 3; Doc. No. 79-3, pp. 3, 8; Doc. No. 79-5)   Therefore, absent any evidence of deliberate indifference by the three named Defendants, the Court finds Defendants did not violate Plaintiff's constitutional rights, and are entitled to judgment as a matter of law.

**IV.   CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 79) be GRANTED, and Plaintiff's complaint against Defendants be DISMISSED with prejudice.

2. Plaintiff's Motion for Summary Judgment (Doc. No. 82) be DENIED.

IT IS SO RECOMMENDED this 7th day of June, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE